IN RE ESTATE OF GEORGE BAINBRIDGE.
ELIZABETH GILLHAM ET AL., APPELLANTS, V. RHODA I.
OTLEY, APPELLEE.

FILED OCTOBER 9, 1931. NO. 27787.

*Charles E. Matson* and *Richard O. Johnson,* for appellants.

*Leonard A. Flansburg, H. N. Mattley* and *W. T. Stevens, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This action involves the question of whether a certain instrument is the last will and testament of George Bainbridge, deceased. Bainbridge departed this life, leaving a written instrument purporting to be his last will. He left surviving him four children. His wife predeceased him. The proceeding originated in the county court, and an appeal was taken to the district court, where the cause was tried to the court and jury, resulting in a verdict and judgment thereon finding the instrument to be the last will of the decedent and admitting the same to probate. Contestants appealed.

Mr. Bainbridge had accumulated a considerable fortune, largely in real estate. A few years before his death he conveyed the major portion of this real estate to his children, giving to each approximately an equal amount. By his will, executed two or three years before his death, he devised and bequeathed all the property he then possessed to one daughter, to the exclusion of the other children. It appears that previous to the making of the will he had executed a deed conveying to this daughter all the land that he retained. Two or three years before his death his

696

health failed, and the favored daughter came into his home, took charge thereof, and cared for him until his death. Some time subsequent to the last conveyance of real estate to the favored daughter, the contestants, being the three children who were given nothing under the will, instituted proceedings to have their father placed under guardianship. In that action Bainbridge, deceased, was a witness and testified concerning the making of the deed, and his reasons therefor, the fact of his making the will and the reasons therefor. Mr. Bainbridge departed this life before a final judgment had been entered in the guardianship proceeding. His will was contested upon the grounds that it was not properly executed; that testator was incompetent; and that the will was procured by undue influence. The only question submitted by the trial court to the jury was whether the testator possessed testamentary capacity. While there was some conflict in the evidence upon that question, it overwhelmingly preponderated in favor of his competency, and the jury so found. The trial court refused to submit to the jury the question of undue influence, and this is the principal ground for contestants' complaint.

From an examination of the record, we are unable to find any competent evidence that undue influence was exercised in procuring the making of the will. The most that may be said is that there was opportunity for such influence to be exercised; but mere opportunity is insufficient. We are of the opinion that the trial court properly refused to submit that issue to the jury.

No error has been found in the record. Judgment
AFFIRMED.